IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

R. CASPER ADAMSON,
    Petitioner,

vs.                                       Case No. 3:08cv132/MCR/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner, an inmate of the Santa Rosa Correctional Institution, initiated this action on March 25, 2008, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner filed an amended petition on April 12, 2008, pursuant to 28 U.S.C. § 2254, in which Petitioner contends he "is being confined on close management in violation of the U.S. Constitution" (Doc. 6 at 4). More specifically, Petitioner challenges his reassignment from close management ("CM") III, "the least restrictive level," to CM I, "the most restrictive level," asserting that the reassignment violates the Americans with Disabilities Act ("ADA"), Petitioner's Fourteenth Amendment right to Due Process, and the Eighth Amendment's prohibition against cruel and unusual punishment (*see* Doc. 6 at 4B–4C, 4E–4I).[1] As relief, Petitioner seeks "immediate release from [CM] and the award of 20 days per month gain time for each month in which [Petitioner] was otherwise eligible to receive gain time, had he not been upgraded to CM I" (*id.* at 6). The undersigned directed service of the amended petition on Respondent, in part, because Petitioner's allegations suggested that he had been continuously assigned to CM I since November 2000, which

---

[1]Petitioner explains that he was placed on CM I in November 2000 after sending a threatening letter to a United States Magistrate Judge, and in 2006, after "sending foot powder in a Christmas card" to a United States District Judge (Doc. 6 at 4–4A). Petitioner was charged with criminal offenses as a result of each mailing, and he admits that he plead guilty to each offense (*id.* at 4A). Petitioner contends, however that he committed the offenses because he was being threatened by state prison officials and needed to be taken into federal custody (*id.*).

according to Petitioner entails being "locked in a cell 24/7 excepting a thrice weekly ten minute shower," with no recreation, socialization, human contact (other than staff members), or access to programs, the chapel, or the law library (*see* Doc. 6 at 4, 4E–4G). Respondent filed an answer to the amended habeas petition, seeking denial or dismissal of the petition on several grounds (*see* Docs. 32, 48). In relevant part, Respondent contends that the petition is subject to dismissal because Petitioner's constitutional claims are not cognizable under habeas corpus, and similarly, that habeas corpus is not the proper vehicle to challenge placement on CM (Doc. 32). This cause is now before the court on Petitioner's Amended Motion to Stay Close Management, in which Petitioner seeks a stay of his continuation on CM during the pendency of this habeas action (Doc. 19).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971).[2] The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that Petitioner will prevail on the merits;

2. There exists a substantial threat that Petitioner will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Petitioner outweighs the threatened harm injunction will do to Defendants; and

4. The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Department of Agriculture, 734 F.2d 774 (11th Cir. 1984); Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989)

---

[2]Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

(quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, 887 F.2d 1535, 1537 (11th Cir. 1989); United States v. State of Alabama, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S. Ct. 1287, 94 L. Ed. 2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

In the instant motion to stay, Petitioner initially alleges, as he did in the amended habeas petition, that he was placed on CM I in 2000 and 2006 for mailing threats to federal judges (Doc. 19 at 2). Petitioner contends that these placements on CM I were improper because "[m]ailing threats to judges is not proper basis for placing a convict on CM I," and he cites a Florida Administrative Code in support (*id.*). Petitioner additionally asserts, however, that he has received three disciplinary reports ("DRs") since February 21, 2008, including DRs for a mail violation, filing a frivolous lawsuit, and a threat (*id.* at 2–3 & Exs. A, B). Petitioner then provides additional information with regard to the threat violation (*id.* at 2–3 & Exs. A, B). In pertinent part, Petitioner states that on April 10, 2008, he received a DR for allegedly threatening Sgt. Taylor, which caused him to be upgraded from CM III to CM II (*id.*). Petitioner contends that the alleged threat did not constitute a threat of violence, and therefore, pursuant to the Florida Administrative code, did not warrant an upgrade from CM III to CM II (*id.* at 4–5). Moreover, Petitioner alleges that the DR was written in retaliation for "numerous grievances" Petitioner had filed against Sgt. Taylor (Doc. 19 at 3–5). Petitioner also attached exhibits to the motion to stay, reflecting the disposition of the threat DR. For example, a "Report of Case Management," dated May 2, 2008, states in relevant part:

> Inmate Adamson was initially placed on [CM] I on 11/7/00 based on information received from the F.B.I. that shows Inmate Adamson had been sending threatening letters to a federal judge. Inmate Adamson was then out to court from 11/13/00 until 4/26/02 and returned to the Department of Corrections with a consecutive 188 month

sentence for threatening a United States Judge. He then [was] reduced to CM 3 until a threat report, dated 12/16/05 from the United States Marshall Service identified Inmate Adamson as having sent a Christmas card to a United States District Court Judge that contained a white powdery substance and threats. Inmate Adamson was sentenced to three months consecutive for these actions and upgraded to CM 1 on 11/8/06. During inmate Adamson's last review [on] 12/27/07 he was downgraded to CM 3. This is an early review to ensure safety and security concerns are met. Since December 2007 he has received the following DR's: filing frivolous lawsuits, mail violations, and spoken threats. The threat involved him telling a staff member he would get him for harassment and cause him to lose his job. He received unsatisfactory security ratings. And he had no program involvement. To ensure safety and security concerns are met he should be upgraded to CM 2.

(Doc. 19, Ex. B).

Finally, as relief in the motion to stay, Petitioner seeks release "from CM" and transfer to another correctional institution for "much needed inpatient [mental health] treatment" pending resolution of this habeas action (*see* Doc. 19 at 11). Petitioner asserts that federal courts, under 28 U.S.C. § 2251, may stay any matter involved in a habeas proceeding pending resolution of a habeas petition (*id.* at 6). Petitioner argues that a stay is necessary because he is severely mentally ill and has twice been upgraded to CM I (*id.* at 7). Petitioner argues further that he has demonstrated a likelihood of success on the merits of his habeas petition and that he will suffer irreparable harm if he remains on CM (*id.* at 10–11)

Petitioner has not clearly established his burden of persuasion as to the four requirements for injunctive relief. First, as noted *supra*, the undersigned directed service of the amended petition on Respondent because it appeared from the facts alleged by Petitioner that he had been continuously assigned to CM I since 2000. *See* Magluta v. Samples, 375 F.3d 1269, 1282 (11th Cir. 2004) (pretrial detainee stated claim in a Bivens[3] action that he suffered unconstitutional conditions of confinement, in violation of due process, where he alleged that he was confined under extremely harsh conditions — in solitary confinement (under conditions unlike other pretrial detainees or even convicted prisoners), locked in an extremely small, closet-sized space, and with minimal contact

---

[3]Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

Page 5 of 6

with other human beings for a prolonged time exceeding 500 days).  It is apparent, however, from the facts alleged in the instant motion and the exhibits attached thereto that Petitioner has not been on continuous CM I status since 2000.  Indeed, since November of 2000, Petitioner was "out to court" for a year and a half, his custody status was downgraded to CM III, and Petitioner was on CM II at the time he filed the motion to stay (*see also* Case Number 3:08cv231/RV/EMT (Doc. 22, filed October 5, 2008) (reflecting Petitioner's movement from CM III to CM II at different times throughout the proceedings in the instant case and in other cases)).  Thus, to the extent Petitioner's claims are cognizable in a habeas corpus action, Petitioner has failed to establish that he was placed on CM I for a significant period of time, and correspondingly, has failed to establish a substantial likelihood of success on the merits in the underlying habeas petition.  *Compare* Magluta, 375 F.3d at 1282 *with* Chandler v. Haas, No. 1:07cv145/MMP/AK, 2008 WL 2096380, at *1 (N.D. Fla. May 16, 2008) (inmate has no liberty interest in being kept out of close confinement), *and* Shaarbay v. Smith, No. 3:07cv374/LAC/MD, 2007 WL 4180970, at * 2 (N.D. Fla. Nov. 20, 2007) (change in custody classification from general population to close management did not implicate due process protections), *and*  Powell v. Ellis, No. 3:07cv160/MCR/EMT, 2007 WL 2669432, at *4 (N.D. Fla. Sept. 7, 2007) (plaintiff had no protected interest in particular classification).

Additionally, in the underlying habeas action, Petitioner challenges his assignment to CM I, asserting that threats to federal judges do not warrant placement on CM I.  In the instant motion, however, although Petitioner briefly mentions the judicial threats and resulting placement on CM I, Petitioner's primary contention is that his upgrade from CM III to CM II was improper because his "threat" to Sgt. Taylor did not constitute a threat that warrants an upgrade, and the DR related to the threat was issued in retaliation for Petitioner's filing grievances against Sgt. Taylor.  Thus, the relief sought in the motion to stay is not closely related to the CM I assignment complained of in the underlying petition.  Devose, 42 F.3d at 471; Penn, 528 F.2d at 1185.  Moreover, Petitioner has failed to show that the difference in the conditions of his confinement on CM II amount to an atypical and significant hardship as compared to his conditions on CM III, his custody status prior to the disciplinary decision regarding the threat made to Sgt. Taylor.  Therefore, Petitioner has not shown that the change in his custody classification, from CM III to CM II, implicated due process protections.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's Amended Motion to Stay Case Management (Doc. 19) be **DENIED**.

At Pensacola, Florida, this 24th day of February 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**